UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JAMES EVANS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-7402 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| COUNTY OF COOK d/b/a | ) | |
| COOK COUNTY HIGHWAY DEPARTMENT | ) | |
| d/b/a COOK COUNTY DEPARTMENT OF | ) | |
| TRANSPORTATION AND HIGHWAYS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Evans filed a Complaint against Defendant County of Cook for race and disability discrimination and retaliation pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981 and violations of the Family Medical Leave Act ("FMLA"). On October 30, 2015, Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff filed a response to Defendant's Motion and a Motion to Strike Defendant's Summary Judgment Motion. For the reasons set forth below, the Plaintiff's Motion to Strike [29] is denied; and Defendant's Motion for Summary Judgment [21] is granted in part and denied in part.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v.*

*Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment. Local Rule 56.1(b)(3)(C) further permits the nonmovant to submit a statement "of any additional facts that require the denial of summary judgment. . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the Complaint and the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff is a resident of the Village of South Elgin, County of Kane, in the State of Illinois. (Compl ¶ 4.) He is a male Caucasian who was an employee at the Cook County Highway Department. He was employed as a Motor Vehicle Driver/Road Repairman. (Dkt. 31 ¶ 6.) The Cook County Highway Department is a department of Cook County (Dkt. 31 ¶ 2.) The job duties for a Motor Vehicle Driver/Road Repairman included, but were not limited to, operating a variety of vehicles, such as snowplows, trucks, tractors, and mowers. (Dkt. 31 ¶ 7.) Other job duties include maintenance checks on vehicles, use of lawn mowers and spreaders, repairing roadways, removing debris and obstructions, using chainsaws, and loading and unloading vehicles. (Dkt. 31 Resp. to ¶ 8.) At all relevant times, Plaintiff was approved by

Cook County for intermittent FMLA leave time. (Dkt. 31 ¶ 9.) On September 24, 2012, Plaintiff was injured at work. He advised his supervisor, Marc Tudor, that he was injured and leaving to get medical care. He signed out under FMLA time. (Dkt. 31 11, 12.) Since that date, Plaintiff has been off duty. (Dkt. 31 ¶ 14.) On October 25, 2012, Plaintiff filed a workers' compensation case before the Illinois Workers' Compensation Commission for the injuries he sustained on September 24, 2012. (Dkt. 31 ¶ 15.) Plaintiff filed a disability pension application with the Cook County Pension Fund on January 10, 2013. In his application, Plaintiff indicated that he had been disabled and unable to perform his job since the date of his injury. (Dkt. 31 ¶ 18.) At the time Defendant's Motion was filed, Plaintiff's disability application was still pending. (Dkt. 31 ¶ 21.)

In November of 2012, Plaintiff filed a grievance because he claimed that he was being denied an opportunity to return to work. (Dkt. 31 ¶ 22.) The grievance was denied. (Dkt. 31 ¶ 23.) Plaintiff filed this claim because he alleges that Defendant denied him FMLA benefits, denied him due process, engaged in race and disability discrimination against him, and retaliated against him. Defendant argues that Plaintiff was not denied his FMLA benefits and even if he was, he was not eligible to receive them. Defendant further argues that Plaintiff did not suffer an adverse employment action and that the evidence does not support any section 1983 or section 1981 claims.

**LEGAL STANDARD**

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving

3

party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact. *Celotex*, 477 U.S. at 322-27; *Anderson*, 477 U.S. at 254-56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 411 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 411 U.S. at 249-250.

## ANALYSIS

*Motion to Strike*

As a preliminary matter, Plaintiff argues that Defendant's Motion for Summary Judgment raises defenses not previously disclosed by Defendants and therefore, the Motion should be

4

stricken. Federal Rule of Civil Procedure 8(c) requires that defendants raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading. Fed.R.Civ.P. 8(c). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir.1989). However, "if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived." *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004). While the waived defense may have merit, and Plaintiff's counsel "should have had some inkling that the defense might be raised," to allow a defense to be involved "at the eleventh hours, without excuse and without adequate notice to the plaintiff," would make Rule 8(c) a "nullity." *Id.*; *see also Venters v. City of Delphi,* 123 F.3d 956, 969 (7th Cir. 1997). However, a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result. *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005).

Defendant argues in its Motion for Summary Judgment that Plaintiff is ineligible to receive FMLA benefits and therefore cannot claim that he was denied them. Specifically, Defendant argues that Plaintiff is unable to work since the date of his injury, and that his workers' compensation claim and disability pension application preclude his FMLA claim. In response to Plaintiff's Motion to Strike, Defendant argues that Plaintiff cannot be prejudiced by its delay in raising this defense because Plaintiff was aware that he filed a workers' compensation claim and disability pension application. Although Defendant did not raise this defense in its Answer to Plaintiff's Complaint, Plaintiff provides no argument or evidence to support its claim that he was harmed by Defendant's delay. Therefore, Plaintiff's Motion to Strike is denied.

5

*Plaintiff's FMLA Claims*

The FMLA provides that an eligible employee is "entitled to 12 workweeks of leave during any 12-month period" for specific reasons, including a serious health condition. 29 U.S.C. § 2612(a) (1). Upon return from FMLA leave, an employee is entitled to be restored "to the position of employment held . . . when the leave commenced." 29 U.S.C. § 2614(a)(1)(A). However, if an employee is unable to "perform an essential function" of his job "because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b). Similarly, an employer has no responsibility to restore a person's job if the employee exceeds the 12-week period. *See, e.g., Palao v. Fel-Pro, Inc.,* 117 F.Supp.2d 764, 769 (N.D.Ill. 2000) (granting summary judgment as to the FMLA claim where it was undisputed that plaintiff took more than 12 weeks of leave in a 12-month period).

To state a claim for either FMLA interference or retaliation, a plaintiff must necessarily first establish that he was subject to the FMLA's protections. *See, e.g., Righi v. SMC Corp.,* 632 F.3d 404, 408 (7th Cir. 2011); *Ames v. Home Depot U.S.A., Inc.,* 629 F.3d 665, 670 (7th Cir. 2011). To prevail on a claim for FMLA interference, the employee must prove that: (1) he was eligible for FMLA protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take FMLA leave; and (5) his employer denied him FMLA benefits to which he was entitled. *Righi,* 632 F.3d at 408. It is undisputed that Plaintiff was eligible for FMLA protections, that his employer is covered by the FMLA, that Plaintiff was entitled to leave under the FMLA, and that he provided his

employer notice of his intent to take FMLA leave. (Dkt. 31, 32, 33.) However, the parties dispute whether Defendant denied Plaintiff FMLA benefits to which he was entitled.

Defendant argues that Plaintiff was unable to perform the essential functions of his job and has no right to damages under the FMLA and that he was not denied FMLA benefits to which he was entitled. Defendant contends that Plaintiff's acceptance of disability payments and application for pension benefits on the basis of his alleged disability is an admission that he is unable to work and that he cannot and could not perform the essential functions of his job. While Plaintiff does not dispute that he currently cannot perform the job functions of a Motor Vehicle Driver/Road Repairman, he contends that in October of 2012 he submitted a return to work clearance but was not reinstated because it did not state that Plaintiff was able to operate a motor vehicle.

The Seventh Circuit has held that once an employee submits a medical statement that the employee may return to work, the employer's duty to reinstate him is triggered under the FMLA. However, that employer has no duty to reinstate the employee if the employee cannot perform an essential function of the job. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 780-781 (7th Cir. 2013). Defendant argues that Plaintiff never submitted a medical statement that said he could operate a motor vehicle, and that none of the medical records on the record support Plaintiff's contention that he could return to work. Neither party provides specific argument as to what qualifies as an essential job function of a Motor Vehicle Driver/Road Repairman. While Defendant argues that it is the Cook County Highway Department's policy that a doctor's return to work statement must indicate that the employee is able to drive a motor vehicle, it also argues that when Plaintiff's medical records indicated that he could drive a motor vehicle, his physical

7

limitations at the time rendered him unable to perform his essential job functions. Plaintiff's medical records do indicate he could drive a motor vehicle but was unable to "lift, carry, push or pull." There are genuine issues of material fact as to what constitutes an "essential job function" of a Motor Vehicle Driver/Road Repairman, and whether Plaintiff was able to perform that function during the time he was eligible for FMLA benefits.[1]

*Plaintiff's Section 1981 and 1983 Claims*

Defendant notes that § 1981 provides a remedy for violations committed by private actors, but an injured party must resort to § 1983 to obtain relief for violations committed by state actors. *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 667 (7th Cir. 2014). Defendant is a state actor, thus Defendant's Motion is granted as to Plaintiff's § 1981 claims.

To survive a motion for summary judgment, a plaintiff alleging race discrimination claims under § 1983 must produce evidence that he (1) belongs to a protected class, (2) met his employer's legitimate performance expectations, (3) suffered an adverse employment action, and (4) was treated worse than similarly situated employees outside the protected class. *Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011). Defendant argues that Plaintiff did not suffer an adverse employment action and has produced no evidence that he was treated worse than similarly situated employees outside the protected class. Plaintiff argues that he suffered adverse employment actions when Defendant did not pay him cash for comp time when he left employment, his supervisor threatened to terminate him for unauthorized absences, when he was

---

[1] Defendant also argues that Plaintiff's application for workers' compensation benefits and application for pension funds based on his disability is an admission that he is unable to perform the essential functions of his job, citing to *Franzen v. Ellis Corp.*, 543 F.3d 420, 426 (7th Cir. 2008), for the proposition that an employee is not entitled to FMLA damages if he is unable to perform the essential functions of the job. However, Defendant provides no legal authority that the receipt of workers' compensation benefits precludes Plaintiff's FMLA claim.

denied a release to return to work, and he was harassed.  However, whether or not any of these actions constitute an adverse employment action, Plaintiff provides absolutely no argument or evidence that he was treated worse than similarly situated employees outside his protected class. As there is no evidence on record that a reasonable jury could find for Plaintiff on this issue, Defendant's Motion is granted as to Plaintiff's § 1983 discrimination and retaliation claims.

Plaintiff also alleges a violation of his due process rights because he was not afforded progressive discipline with regard to the alleged misconduct that resulted in the termination of his employment.  Defendant provides no argument in response to Plaintiff's due process claim, stating only that because no discipline was imposed after a disciplinary charge was brought against Plaintiff, Plaintiff suffered no adverse employment action.  This argument is irrelevant. Defendant's Motion is denied as to Plaintiff's § 1983 due process claim.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike [29] is denied, and Defendants' Motion for Summary Judgment [21] is granted as to Counts III and IV and denied as to Counts I and II.

Date: February 18, 2016

JOHN W. DARRAH
United States District Court Judge

9